**Electronically Filed
Intermediate Court of Appeals
CAAP-15-0000030
26-FEB-2018
08:00 AM**

NO. CAAP-15-0000030

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAIʻI

TERI NGUYEN, Plaintiff-Appellant, v.
LAUREL YANAGI, Defendant-Appellee

APPEAL FROM THE DISTRICT COURT OF THE THIRD CIRCUIT
KONA DIVISION
(CASE NO. 3RC14-1-493K)

SUMMARY DISPOSITION ORDER
(By: Fujise, Presiding Judge, and Reifurth and Chan, JJ.)

This appeal arises out of a complaint for damages relating to the occupation of certain real property pursuant to a lease agreement brought by the property's owner Plaintiff/Counterclaim-Defendant/Appellant Teri Nguyen, pro se, against the lessee Defendant/Counterclaim-Plaintiff/Appellee Laurel Yanagi in the District Court of the Third Circuit ("District Court"). The District Court[1] directed the parties to arbitrate their case pursuant to the terms of the lease agreement. After issuance of an arbitration award which found that both parties had breached the terms of the lease and awarded no damages, the District Court confirmed the award and issued a judgment. Nguyen appeals from the January 8, 2015 Judgment Based Upon Final Arbitration Award Filed December 2, 2014 ("Judgment").

We construe Nguyen's points of error[2] on appeal as

_____

[1] The Honorable Margaret K. Masunaga presided.

[2] Nguyen's opening brief fails to adhere to the requirements of Hawaiʻi Rules of Appellate Procedure ("HRAP") Rule 28(b) in numerous respects. Nonetheless, noncompliance with HRAP Rule 28 does not always result in

(continued...)

follows:

(1)    The District Court lacked jurisdiction over the case.

(2)    The District Court erred in confirming the arbitration award because:

    (a)    Yanagi failed to initiate arbitration pursuant to the lease agreement.

    (b)    the arbitration was unfair and occurred "behind closed doors, without records, without minutes, without witnesses, without transparency, under protest."

    (c)    the District Court, Yanagi, and Yanagi's attorney failed to appear at the hearing on 12/23/14, at 8:30 am at the designated location.

(3)    Yanagi continues to commit criminal trespass and theft on the property.

(4)    Judge Masunaga should have been disqualified.

Upon careful review of the record and the briefs submitted by the parties and having given due consideration to the arguments advanced and the issues raised by the parties, as well as the relevant statutory and case law, we resolve Nguyen's contentions as follows and affirm.

(1) In support of her challenge to the District Court's jurisdiction over the case despite what she contends is the continued existence of the Hawaiian Kingdom, Nguyen provides an assortment of quotations discussing how a judge loses judicial immunity if he or she knowingly acts outside the scope of his or her jurisdiction.  However, Nguyen does not provide any argument addressing why the District Court lacked jurisdiction. Nevertheless, the District Court had jurisdiction to confirm the arbitration award and then to issue the Judgment.[3/]

---

[2/] (...continued)
dismissal of the claims, and "[t]his court . . . has consistently adhered to the policy of affording litigants the opportunity 'to have their cases heard on the merits, where possible.'"  *Morgan v. Planning Dep't*, 104 Hawai'i 173, 180-81, 86 P.3 982, 989-90 (quoting O'Connor, 77 Hawai'i at 386, 885 P.2d at 364).  Therefore, we address Nguyen's arguments and contentions to the extent that we can.

[3/]    Hawai'i law confers jurisdiction on the court to enter judgment on an arbitration award:

(continued...)

Hawai'i appellate courts have held that claims regarding state courts lacking subject matter jurisdiction over the case premised upon the continuing existence of the Hawaiian Kingdom are without merit. In *State v. Kaulia*, for instance, the Hawai'i Supreme Court stated:

> Kaulia appears to argue that he is immune from the court's jurisdiction because of the legitimacy of the Kingdom government. In that regard, we reaffirm that "[w]hatever may be said regarding the lawfulness" of its origins, "the State of Hawai'i . . . is now, a lawful government." *State v. Fergerstrom*, 106 Hawai'i 43, 55, 101 P.3d 652, 664 (App.2004), aff'd, 106 Hawai'i 41, 101 P.3d 225 (2004). *Individuals claiming to be citizens of the Kingdom and not of the State are not exempt from application of the State's laws. See id.* at 55, 101 P.3d at 664 . . . .

128 Hawai'i 479, 487, 291 P.3d 377, 385 (2013) (emphasis added). We subsequently applied that same principle to a summary possession and ejectment action. *Fed. Nat'l Mortg. Ass'n v. Barros*, No. CAAP-11-0001023, 2013 WL 3270302, at *1 (Hawai'i App. June 25, 2013). We can determine no reason that the principle articulated in *Kaulia* does not apply to confirmation of arbitration awards, particularly when the underlying action was first brought in the district court by the party now challenging the court's jurisdiction. Therefore, the District Court had jurisdiction over the confirmation of the arbitration award. *See Kaulia*, 128 Hawai'i at 487, 291 P.3d at 385.

(2) We construe Nguyen's second point of error to assert that the District Court erred in confirming the arbitration award. In support of her argument, Nguyen contends that (1) Yanagi failed to initiate arbitration pursuant to the lease agreement; (2) the arbitration was unfair and occurred "behind closed doors, without records, without minutes, without witnesses, without transparency, under protest."; and (3) the District Court, the arbitrator, Yanagi, and Yanagi's attorney "failed to appear at the hearing on 12/23/14, 8:30am at the designated location." Because Nguyen failed to move to vacate,

---

3/(...continued)

> (b) An agreement to arbitrate providing for arbitration in this State confers exclusive jurisdiction on the court to enter judgment on an award under this chapter.

Haw. Rev. Stat. § 658A-26(b) (Supp. 2014)

modify, or correct the arbitration award, she is precluded from challenging confirmation of the arbitration award on appeal.

The Hawai'i appellate courts have held that,

> [w]hen challenging an arbitration award on one of the grounds set forth in HRS § 658A-23 (Supp. 2010) (Vacating Award), a party must indeed file a timely motion to vacate under that statute. Otherwise, the right to appeal a confirmation order and challenge it on any of the grounds under HRS § 658A-23 is waived.

*United Pub. Workers, AFSCME, Local 646, AFL-CIO v. Cty. Of Hawaii-Holiday Pay (2003-002B)*, 125 Hawai'i 476, 490, 264 P.3d 655, 669 (App. 2011) (citing *Excelsior Lodge No. One v. Eyecor, Ltd.*, 74 Haw. 210, 223-28, 847 P.2d 652, 658-60 (1992) ("considering statutes in predecessor HRS Chapter 658, a party that failed to challenge an arbitration award in conformance with statutes allowing for vacating, modifying or correcting an award would be foreclosed from subsequently appealing a confirmation order")).

Here, on December 8, 2014, Yanagi filed a motion for an order confirming the arbitration award. At no time did Nguyen file a response to the motion or a motion to vacate, modify, or correct the award. On January 8, 2015, the District Court filed an order granting the motion for an order confirming the arbitration award, and explicitly noted "the lack of any opposition from the Plaintiff[.]" Thus, because Nguyen failed to move to vacate, modify, or correct the arbitration award, she is precluded from challenging the confirmation of the arbitration award on appeal. See *Excelsior Lodge No. One*, 74 Haw. at 223-28, 847 P.2d at 658-60.

Even if we concluded that Hawai'i's limited public policy exception that allows parties to challenge arbitration awards without first having contested them below, *see Matter of Hawai'i State Teachers Assoc.*, No. SCWC-11-0000065, 2017 WL 3471055, at *19 (Hawai'i Aug. 11, 2017) (quoting *Inlandboatmen's Union of the Pac. v. Sause Bros.*, 77 Hawai'i 187, 194, 881 P.2d 1255, 1262 (App. 1994)), would permit consideration of Nguyen's contentions here, those contentions are nevertheless without merit. Nguyen asserts that Yanagi failed to initiate arbitration pursuant to the lease agreement; that the arbitration was unfair

4

and "behind closed doors, without records, without minutes, without witnesses, without transparency, [and] under protest"; and that Yanagi, her lawyer, the arbitrator, and the magistrate "failed to appear at the hearing on 12/23/14, 8:30am at the designated location[,]" but fails to establish any of her complaints, or explain the consequence of those allegations. Additionally, we are unable to review any claim of unfairness because there is no transcript of the arbitration hearing.  Any contentions such as these for which arguments are not advanced are deemed waived.  Haw. R. App. 28(b)(7).  Furthermore, the majority of Nguyen's claims are either demonstrably false or false in their implication, and of no apparent consequence.

Without a motion to vacate, modify, or correction pending, the District Court was required to confirm the arbitration award.  Haw. Rev. Stat. § 658A-22 ("the party may make a motion to the court for an order confirming the award at which time the court shall issue a confirming order unless the award is modified or corrected pursuant to section 658A-20, 658A-24 or is vacated pursuant to section 658A-23").  Therefore, the District Court did not err in confirming the arbitration award.

(3) Nguyen contends that the arbitrator and Yanagi's attorney "allowed criminal trespass and theft by [Yanagi] to take place during the course of arbitration on more than one occasion despite 'Notice to Cease and Desist' and 'Motion to Stay Judgment.'"  Nguyen fails to provide any argument to support her contention, and thus this contention, too, is waived.  *Kakinami v. Kakinami*, 127 Hawaiʻi 126, 144 n.16, 276 P.3d 695, 713 n.16 (2012).

Furthermore, to the extent that the contention refers to infrastructure brought onto the property by Yanagi, it is without merit.  As discussed above, Nguyen is precluded from challenging the confirmation of the arbitration award because she did not move to vacate the arbitration award.  *See Excelsior Lodge No. One*, 74 Haw. at 223-28, 847 P.2d at 658-60.  Furthermore, the arbitration award states that "3.  The Lessee brought certain infrastructure onto the property, including but not limited to a lean to, a container, water tanks, fencing and

similar items.  The Lease has an interlineation which states that 'Any infrastructure placed by lessee is the property of lessee.'"  Because the confirmation of the arbitration award is valid, Yanagi as the lessee was entitled to remove the infrastructure she placed on the property.  Accordingly, if not waived, Nguyen's allegations of Yanagi's criminal trespass and theft are without merit.

(4) As her final point of error, Nguyen asserts that Judge Masunaga should have been disqualified.  Nguyen, however, failed to raise this issue below before the District Court,[4] and it is therefore waived.  *Asato v. Procurement Policy Bd.*, 132 Hawai'i 333, 354 n.22, 322 P.3d 228, 249 n.22 (2014) (citing *State v. Moses*, 102 Hawai'i 449, 456, 77 P.3d 940, 947 (2003) ("As a general rule, if a party does not raise an argument at trial, that argument will be deemed to have been waived on appeal [.]")).

Based on the foregoing, the January 8, 2015 Judgment Based Upon Final Arbitration Award Filed December 2, 2014 entered by the District Court of the Third Circuit is affirmed.

DATED:  Honolulu, Hawai'i, February 26, 2018.

On the briefs:

Teri Nguyen,
Pro Se Plaintiff-Appellant.

Dennis A. Krueger
(Of Counsel: Jewell & Krueger,
a Limited Liability Law
Company)
for Defendant-Appellee.

Presiding Judge

Associate Judge

Associate Judge

---

[4]    After filing her Notice of Appeal and Trial by Common Law Grand Jury on January 13, 2015, Nguyen filed an "Order to Disqualify Magistrate Margaret Masunaga" with the District Court on February 10, 2015, based solely on the contention that Judge Masunaga "does NOT have jurisdiction in this Court of Record."  To the extent that this furthers Nguyen's jurisdictional argument, addressed as her first point of error herein, we have already concluded that the District Court had jurisdiction.  To the extent that it represents anything else, we deem it waived for the failure to develop a cognizable argument.